1  STROOCK & STROOCK & LAVAN LLP
   DANIEL A. ROZANSKY (STATE BAR NO. 161647)
2  drozansky@stroock.com
3  BENJAMIN T. POTTER (STATE BAR NO. 260588)
   bpotter@stroock.com
4  CRYSTAL JONELIS (STATE BAR NO. 265335)
   cjonelis@stroock.com
5  2029 Century Park East
   Los Angeles, CA  90067-3086
6  Telephone: 310-556-5800
7  Facsimile: 310-556-5959
   E-Mail:  lacalendar@stroock.com
8
   Attorneys for Plaintiffs
9    ARAMID ENTERTAINMENT FUND LIMITED and
     CAYMAN FILM HOLDINGS LIMITED
10

FILED COPY

2011 SEP 16  PM 2: 01

CLERK U S  DISTRICT COURT
CENTRAL DIST. C. CALIF
LOS ANGELES

BY _____

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14 | WIMBLEDON FINANCING MASTER ) Case No. CV11  07695 GW (Ex)
   | FUND, LTD., a Cayman Islands )
15 | company; STILLWATER MARKET )
   | NEUTRAL FUND III SPC, a Cayman ) DEFENDANTS' NOTICE OF
16 | Islands company, ) REMOVAL UNDER 9 U.S.C. 201, et.
   | ) seq. – ARBITRATION
17 | Plaintiffs, ) AGREEMENT FALLING UNDER
   | ) THE UNITED NATIONS
18 | v. ) CONVENTION ON RECOGNITION
   | ) AND ENFORCEMENT OF
19 | DAVID MOLNER, an individual; ) FOREIGN ARBITRAL AWARDS
20 | SCREEN CAPITAL )
   | INTERNATIONAL, INC., a Delaware ) Date:
21 | Corporation; ARAMID CAPITAL ) Time:
22 | PARTNERS LLP, a United Kingdom ) Place:
   | limited liability partnership; TIMOTHY )
23 | LEVY, an individual; THOMAS )
24 | MCGRATH, an individual; DAVID )
   | BREE, an individual; ROGER )
25 | HANSON, an individual; THOMAS )
26 | ADAMEK, an individual; )
   | STONEHENGE CAPITAL COMPANY )
27 | LLC, an Ohio Corporation; and )
28 |

LA 51460721

| | |
|---|---|
| 1 | ADAMEK, an individual; ) |
| 2 | STONEHENGE CAPITAL COMPANY ) LLC, an Ohio Corporation; and ) |
| 3 | FUTURE CAPITAL PARTNERS, a ) |
| 4 | United Kingdom company, ) |
| 5 | Defendants, ) |
| 6 | and ARAMID ENTERTAINMENT ) |
| 7 | FUND LIMITED, a Cayman Islands ) Company, ) |
| 8 | ) |
| 9 |          Nominal Defendant. |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

DEFENDANTS' NOTICE OF REMOVAL

LA 51460721
LA 51461246

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 9 U.S.C. §201 et. seq., 28 U.S.C. §§ 1441, 1446, and 1447, and Federal Rule of Civil Procedure 81(c), defendants Aramid Capital Partners, LLP ("Aramid Capital"), David Molner, Screen Capital International Corp. (erroneously sued as Screen Capital International, LLC), Tim Levy, Thomas Adamek, Stonehenge Capital Company LLC, and Future Capital Partners (collectively, "Defendants"), hereby remove the above-captioned action, presently pending in the Superior Court of the State of California for the County of Los Angeles as Case No. BC466001, to the United States District Court for the Central District of California. As grounds for removal to this Court, Defendants state as follows:

## FACTUAL BACKGROUND

1. On July 22, 2011, plaintiffs Stillwater Market Neutral Fund II SPC and Wimbledon Financing Master Fund, Ltd. (together "Plaintiffs") filed a civil action in the Superior Court of the State of California for the County of Los Angeles, Case No. BC466001, entitled <u>Wimbledon Financing Master Fund, LTD. et al. v. David Molner et al.</u> A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit A.

2. In the Complaint, Plaintiffs bring claims on behalf of nominal defendant Aramid Entertainment Fund Limited ("AEF"). Plaintiffs seek damages on behalf of AEF for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment, and seek injunctive and equitable relief. (Compl. at ¶¶ 1 – 14.)

3. Certain allegations that form the basis of Plaintiffs' claims arise in connection with a Services Provision Agreement, which was entered into by AEF and Aramid Capital in 2006. A true and correct copy of the Services Provision

-1-

DEFENDANTS' NOTICE OF REMOVAL

LA 51460721
LA 51461246

1  Agreement with certain confidential financial information not relevant to the issue of
2  removal redacted is attached hereto as Exhibit B.
3       4.   The Services Provision Agreement contains an international
4  arbitration provision which requires that any dispute between Aramid Capital and
5  AEF arising out of or in connection with the Services Provision Agreement would be
6  referred to arbitration in London, England under London Court of International
7  Arbitration rules.
8       5.   This Notice of Removal seeks removal of all claims against all
9  defendants presently pending in the Superior Court of the State of California for the
10 County of Los Angeles as Case No. BC466001. See 28 U.S.C. § 1441(c) (providing
11 for removal of "entire case"); Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).
12      6.   The parties removing the action are those whose claims relate to the
13 above-referenced international arbitration provision. All other defendants have
14 consented to this removal (consents attached hereto as Exhibit C).

## JURISDICTION

16      7.   Title 9 U.S.C. § 203 vests original jurisdiction in the district courts of
17 the United States over any action or proceeding falling under the United Nations
18 Convention on Recognition and Enforcement of Foreign Arbitral Awards (the
19 "Convention") regardless of the amount in controversy.
20      8.   Title 9 U.S.C. § 205 provides for the removal of claims filed in state
21 court relating to arbitration agreements falling under the Convention at any time
22 before trial:

> Where the subject matter of an action or proceeding
> pending in a state court relates to an arbitration agreement
> or award falling under the Convention, the defendant or
> defendants <u>may, at any time before the trial thereof, remove
> such action</u> or proceeding to the district court of the United

-2-

DEFENDANTS' NOTICE OF REMOVAL

LA 51460721
LA 51461246

States for the district embracing the place where the action or proceeding is pending.

9. An arbitration agreement falls under the Convention if: (1) there is an agreement to arbitrate in writing; (2) the agreement provides for arbitration in the territory of a signatory to the Convention; (3) the legal relationship between the parties is commercial in nature; and (4) any party to the arbitration is not an American citizen. <u>Balen v. Holland American Lines, Inc.</u>, 583 F.3d 647, 654-655 (9th Cir. 2009); <u>Chloe Z Fishing Co. v. Odyssey Re (London) Ltd.</u>, 109 F. Supp. 2d 1236, 1241-1242 (S.D. Cal. 2000). Each of these requirements is met here.

10. The arbitration provision contained in the Services Provision Agreement between AEF and Aramid Capital provides:

> Any dispute or question arising between the parties out of or in connection with this agreement, its existence, validity or termination and the duties of the parties carried out under this agreement shall, in the event such dispute or question cannot be settled between them by negotiation within 28 days of such dispute or question arising, be referred to and finally resolved by arbitration under the LCIA Rules, which Rules are deemed to be incorporated by reference into this clause.

(Ex. B at Clause 18.1.)

11. The arbitration provision in the Services Provision Agreement requires that the "legal place of arbitration shall be London, England." (Ex. B at Clause 18.2.) The United Kingdom is a signatory to the Convention.

12. The relationship between Aramid Capital and AEF is commercial in nature.

13. Nominal defendant AEF is a Cayman Islands company. Defendant Aramid Capital is a United Kingdom limited liability partnership.

14. As there is a written arbitration agreement between non-U.S. citizens arising out of a commercial relationship which provides for arbitration to take place within the territory of a signatory of the Convention, this court has jurisdiction pursuant to 9 U.S.C. § 203 and removal is proper pursuant to 9 U.S.C. § 205 as this is a civil action brought in State Court over which the Federal District Courts would have original jurisdiction had the action been commenced in Federal Court.

## VENUE

15. This Court is the appropriate court to which the action must be removed because it is part of the "district embracing the place where the action or proceeding is pending." 9 U.S.C. § 204.

## NOTICE

16. In accordance with 9 U.S.C. § 205, this Notice of Removal has been filed prior to trial and the action pending in State Court relates to an arbitration agreement falling under the Convention.

17. A copy of this Notice of Removal will be filed contemporaneously with the Clerk of the Superior Court of the State of California for the County of Los Angeles, and will be served contemporaneously on all counsel of record, as required by 28 U.S.C. § 1446(d).

18. Pursuant to the provisions of 28 U.S.C. § 1446, Defendants attach and incorporate true and correct copies of all documents filed in the state court action as Exhibit D.

**WHEREFORE,** Defendants respectfully remove this action from the Superior Court of the State of California for the County of Los Angeles, Case No. BC466001, to the United States District Court, Central District of California. Defendants further pray that: (1) this Court proceed in this action pursuant to 28

U.S.C. § 1447 as if this action had been originally been filed in this Court, and (2) that further proceedings in the state court action be stayed in all respects.

Dated: September 15, 2011

DANIEL A. ROZANSKY
BENJAMIN T. POTTER
CRYSTAL JONELIS
STROOCK & STROOCK & LAVAN LLP

By: _____
Benjamin T. Potter
Attorneys for Defendants Aramid Capital Partners, LLP, David Molner and Screen Capital International Corp.

Dated: September 15, 2011

GORDON A. GREENBERG
THOMAS A. RYAN
CHARLES E. WEIR
MCDERMOTT, WILL & EMERY LLP

By: _____
Charles E. Weir
Attorneys for Defendants Tim Levy, Thomas Adamek, Future Capital Partners and Stonehenge Capital Company, LLC

-5-

DEFENDANTS' NOTICE OF REMOVAL

LA 51460721
LA 51461246