# EXHIBIT A

**REMAND/MADE JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-7695-GW(Ex) | Date | July 12, 2012 |
| Title | *Wimbledon Financing Master Fund, Ltd., et al. v. David Molner, et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Katherine Stride | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Sara C. Colon
Alex M Weingarten

Attorneys Present for Defendants:

Daniel A. Rozansky
Steven M. Goldsobel
Crystal Jonelis

**PROCEEDINGS:** **DEFENDANTS' MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY, FOR A STAY PENDING RESOLUTION OF ARBITRATION (filed 05/25/12)**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's final ruling. Defendants' motion is **GRANTED/DENIED IN PART.** The Court denies the motion to compel arbitration and grants the remand to state court. However, this matter is stayed until August 13, 2012 to appeal.

                                                                       :    12

Initials of Preparer   JG

*Wimbledon Fin. Master Fund, Ltd., et al. v. Molner, et al.*, Case No. CV-11-7695

Further Consideration of Defendants' Motion to Compel Arbitration or, Alternatively, for a Stay Pending Resolution of Arbitration

The Court has already all-but-finalized its determination that Wimbledon Financing Master Fund, Ltd. and Stillwater Market Neutral Fund III SPC ("Plaintiffs") are not pursuing derivative claims in this action (whether viewed under Cayman Islands or California law[1]), *see, e.g., Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998), though defendants might still be able to argue that the types of claims Plaintiffs do pursue *have to be* pursued as derivative claims (because of the "reflective loss" doctrine or otherwise). *See* Docket Nos. 84-85. As noted previously, however, the Court views that argument as serving as a *defense* in the appropriate forum rather than a basis to compel arbitration over claims that are not being pursued derivatively.[2] The Court is not persuaded by Defendants' citation to *Ernst & Young Ltd. v. Quinn*, No. 09-cv-1164 (JCH), 2009 WL 3571573 (D. Conn. Oct. 26, 2009), that this is necessarily the incorrect approach.

The "derivative claim" angle is the only one on which Defendants have a shot of compelling arbitration in this case because, otherwise, Plaintiffs are not a party to any arbitration agreement. Having concluded that arbitration will not proceed in this case pursuant to the agreement between Aramid Entertainment Fund Limited and Aramid Capital Partners, LLP (because Plaintiffs have not pursued these claims as derivative claims), there is no continuing reason to believe that jurisdiction is appropriate under 9 U.S.C. §§ 203 and 205. *See Infuturia Global Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1137 (9th Cir. 2011). Absent the section 203/205 "hook," the Court exercises its discretion to decline any supplemental jurisdiction over

---

[1] The Court need not resolve this question of choice of law here. It would only note that Plaintiffs have a non-fanciful argument for why application of Cayman Islands law should not apply here. *Cf. Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 20 Cal.App.3d 668, 673 (1971) ("[A]n agreement designating applicable law will not be given effect if it would violate a strong California public policy."). Although this Court is obviously capable of doing so, it believes that California's state courts are better-positioned to decide whether application of non-California law to a lawsuit initiated in California's courts would violate the public policy of the State of California.

[2] If the state court, upon remand, concludes that any claim or claims must be brought derivatively and Plaintiffs refuse to do so, the state court will presumably dismiss those claims. If the state court disagrees with this Court's interlocutory decision that the claims are not *presently* derivative (assuming that the Ninth Circuit has not already resolved the issue one way or the other), it will presumably issue an appropriate arbitration-related order.

the claims remaining in this case. *See* 28 U.S.C. § 1367(c)(3). For these reasons, the Court would deny the motion to compel arbitration and remand the matter to state court.[3]

---

[3] In light of its approach to this motion, the Court does not see a need to rule on the parties' respective evidentiary objections.